EDWARD F. CLARKE *et al. vs.* GEORGE E. MILLIGAN *et al.*

Argued by appellants submitted on brief by respondents July 20, 1894. Affirmed July 26, 1894.

No. 8887.

**Facts stated, showing title did not pass to Kentucky Iron Co.**

There was a corporation organized, styled the Kentucky Iron Company, and another styled the Virginia Iron Company. The latter attempted, by resolution, to amend its articles by changing its name to the Kentucky Iron Company, which attempt failed because of the existence of another corporation with that name. Before this had been learned, the Virginia Iron Company purchased from M. real estate, which he conveyed to it in its supposed name of the Kentucky Iron Company, and the deed was recorded. The parties acted in good faith, and in ignorance that any other corporation bore that name. Plaintiffs saw the record, and without making further inquiry as to the land, and supposing it belonged to the real Kentucky Iron Company, transferred property to that company, and took in payment shares of its stock. *Held,* the title to the land conveyed by M. did not pass to the real Kentucky Iron Company.

**Facts stated did not create an estoppel.**

Also, that M. and the Virginia Iron Company were not estopped, as to plaintiffs, to deny that it so passed.

Appeal by plaintiffs, Edward F. Clarke, George H. Crosby and Charles J. Crosby, from an order of the District Court of St. Louis

County, *Charles L. Lewis*, J., made March 3, 1894, denying their motion for a new trial.

George E. Milligan bargained and sold to the Virginia Iron Company, a domestic corporation doing business at Duluth, the east half of southeast quarter of Section eight (8) and west half of northwest quarter of Section twenty seven (27) T. 58, R. 17 on Mesaba Range in said county. That corporation in good faith attempted by resolution passed on May 20, 1892, to change its name to Kentucky Iron Company. On the next day the amendment of its articles was duly executed and forwarded for record. On May 21, Milligan and wife deeded the land to the company by its new name and the deed was recorded May 24. But on May 20, a company was organized at Duluth by other parties and took the name "Kentucky Iron Company." The attempted amendment therefore failed and the Virginia Iron Company retained its old name. The president and secretary of the Kentucky Iron Company on request executed on May 31, 1892, a quitclaim deed of the land back to Milligan and he and wife then deeded it to the Virginia Iron Company. The plaintiffs seeing the record of the deed to the Kentucky Iron Company bought of it on May 25, 1892, 2,000 shares of its stock in exchange for leases they held. They made no inquiry of it or of Milligan concerning its ownership of the land. They brought this action March 28, 1893, to set aside the deed made by the Kentucky Iron Company back to Milligan, claiming that they bought its shares relying on the record and believing it owned this land. These facts appearing on the trial, the court made findings and ordered judgment for defendants. Plaintiffs moved for a new trial. Being denied they appeal.

*John C. Hollembaek*, and *William E. Wright*, for appellants.

The plaintiffs' contention is that Milligan and the Virginia Iron Company having by their gross negligence led them to deal with the Kentucky Iron Company as the supposed owner in fact of the lands, and in good faith to change their position in reliance thereon, are now estopped as against them and to their damage, to deny such ownership, so far at least as concerns their interest as owners of 2,000 shares of said company's stock.

They invoke the rule of equity that where one of two innocent parties must suffer a loss, and *a fortiori* in cases where one has mis-

led the other, he who is the cause or occasion of that confidence by which the loss has been caused or occasioned ought to bear it. 1 Story Eq. Jur. 391; Bigelow Estoppel, 434.

*Cash, Williams & Chester,* for respondents.

The Kentucky Iron Company had no dealings with Milligan in relation to the lands in controversy. It never purchased the same or any interest therein. The property was purchased and paid for by the Virginia Iron Company. The deed from Milligan and wife was delivered to the Virginia Iron Company, but by mistake under the name of Kentucky Iron Company, which name it believed in good faith it had assumed. The deed was never delivered to the Kentucky Iron Company or any of its officers or agents. It is clear therefore that nothing passed to Kentucky Iron Company by the deed of May 21, 1892, from Milligan and wife, and that the Kentucky Iron Company had no title, legal or equitable, in the lands therein described.

To constitute an estoppel by conduct or equitable estoppel there must have been a representation or concealment of material facts. The representation must have been made with knowledge of the facts, and with the intention that the other party should act upon it. 2 Pomeroy Eq. Jur. §§ 804–813. *Trenton Banking Co.* v. *Duncan,* 86 N. Y. 221; *Andrews* v. *Lyons,* 11 Allen 349; *Turner* v. *Coffin,* 12 Allen 401; *Allum* v. *Perry,* 68 Me. 232; *Robb* v. *Shephard,* 50 Mich. 189; *Parker* v. *Moore,* 59 N. H. 454; *Hefner* v. *Vandolah,* 57 Ill. 520; *Howe Machine Co.* v. *Farrington,* 82 N. Y. 121; *Board of Supervisors* v. *Otis,* 62 N. Y. 96, and cases cited; *Pickard* v. *Sears,* 6 Ad. & El. 469; *Sutton* v. *Wood,* 27 Minn. 362.

No representation, express or implied, was made by the Kentucky Iron Company that it owned the land. *Pence* v. *Arbuckle,* 22 Minn. 417; *Lowry* v. *Mayo,* 41 Minn. 388; *Stuart* v. *Lowry,* 42 Minn. 473; *Nell* v. *Dayton,* 43 Minn. 242; *Welsh* v. *Cooley,* 44 Minn. 446; *Hodge* v. *Ludlum,* 45 Minn. 290; *Stevens* v. *Ludlum,* 46 Minn. 160; *Irish-Am. Bank* v. *Ludlum,* 49 Minn. 344.

GILFILLAN, C. J. Since March 7, 1892, there was a corporation, organized under the laws of this state, styled the "Kentucky Iron Company," with its principal place of business at Duluth.

May 20, 1892, there was another corporation so organized, styled

the "Virginia Iron Company," with its principal place of business at Duluth, and on that day its stockholders adopted a resolution amending its articles so as to make its corporate name the "Kentucky Iron Company." The amendment was certified in duplicate, and one sent to the secretary of state May 21st, the other filed for record, in the office of the register of deeds of the county, May 23d.

This company purchased from Milligan certain real estate, which he conveyed to it in its (attempted) amended name of "Kentucky Iron Company," by deed delivered to it, and by it caused to be recorded in said office May 24th.

In executing and delivering and accepting, and causing to be recorded, this deed, the parties acted in good faith, and without knowledge or information that the name "Kentucky Iron Company" was borne by any other than the corporation which had purchased the land.

May 25th the secretary of state returned to the Virginia Iron Company the duplicate certified amendment, for the reason that there was another corporation bearing the name "Kentucky Iron Company."

Thereupon, the Virginia Iron Company and Milligan applied to the president and secretary of the Kentucky Iron Company, explained the error that had been committed in respect to the deed; and thereupon, May 31st, to cure such error, said president and secretary, without express authority from the directors or stockholders of their company, executed in its name, as grantor, a quitclaim deed to Milligan, conveying (in terms) the land to him, and he thereupon conveyed to the Virginia Iron Company.

May 25th, plaintiffs transferred to the Kentucky Iron Company certain leases of mineral lands, and received from it, in payment therefor, shares of its capital stock,—being the first shares issued by it.

Before making such transfer they made no inquiry, either of Milligan or of the Kentucky Iron Company, or any of its officers or agents, in respect to said land so conveyed by Milligan; but they had examined the records in the office of the register of deeds, and knew of the record of the first deed of Milligan.

The action is to cancel the above deed to Milligan, and his deed to the Virginia Iron Company; to have the title to the land decreed to be in the Kentucky Iron Company, or plaintiffs' shares in said company decreed to be a lien on the lands.

Of course, the first deed of Milligan did not pass the title to the Kentucky Iron Company, because it did not purchase the land. It was not the intended grantee. The deed was not delivered to it, nor to any one for it, nor set apart or appropriated to its use.

The only question, then, is, were Milligan and the Virginia Iron Company, or was either of them, estopped to deny that the deed passed the title to the Kentucky Iron Company by reason of the facts that it was placed on record; that plaintiffs saw it there, and were thereby induced to believe that company to be the owner of the land, and in consequence to exchange their leases for its stock?

The parties having acted in good faith, and in ignorance of the fact that there was already existing, at the time of the attempted change of name, a corporation styled the Kentucky Iron Company, there could be no estoppel, except on the proposition that it was culpable negligence not to know of the existence of such other corporation, and not to know that the attempted change of name had failed. We do not think it was culpable negligence, such as will form the basis of estoppel.

Moreover, the plaintiffs were not free from negligence. The records of deeds in the register's office are kept for the information of those dealing in real estate,—those proposing to purchase it or to take liens upon it,—not of those inquiring merely as to the solvency or financial standing of individuals or corporations. One who, pursuing such inquiry, acts upon what he sees in the register's office, without inquiring any further, does so at his own risk. In this case, if plaintiffs had inquired concerning this land, of the officers of the Kentucky Iron Company, with whom they were negotiating an exchange of their leases for its stock, at the time of such negotiation, they would undoubtedly have got such information as, followed up, would have put them in possession of all the facts.

To state the case most favorably to the plaintiffs, they were misled by their own negligence as much as by that of Milligan and the Virginia Iron Company.

Order affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 955.)