[No. 1078, February 24, 1905.]

CHARLES K. NEWHALL, Agent of the Shareholders of the Albuquerque National Bank, Appellee, v. NEILL B. FIELD, Appellant.

## SYLLABUS.

1. The payee of a joint and several note may look to either of the joint makers for payments and where one of the joint makers dies, is not compelled to pursue his remedy against the estate of the deceased debtor; nor is his action barred against another joint maker because the time has expired wherein he might have presented his claim against the estate for allowance.

2. An account stated is binding upon the parties thereto only as to the items actually included in the stated account, and it is no defense to a note sued upon that there was an account stated between the maker and the payee of the note after the same was due and a settlement of the account so stated, where it does not appear that the note sued on was included in the stated account and settlement.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice. Affirmed.

F. W. CLANCY, Esq., for appellant.

The discharge of the principal debtor operated to discharge the defendant, who was a surety.

Brandt on Suretyship, Sec. 145; Auchampaugh v. Schmidt, 70 Iowa 644; Dorsey v. Wayman, 6 Gill. 59; State v. Blake, 2 Ohio St. 147.

As samples of reasoning of those courts which take the opposite view we cite.

Willis v. Chowning, 90 Tex. 617; Bull v. Coe, 77 Cal. 54.

As to accord and satisfaction, see

1 Cyc. 307.

Newhall v. Field.

And as to account stated, see

1 Cyc. 364.

Plain and unmistakable language needs no construction.

1 Greenleaf on Evidence, Sec. 277; 2nd Jones on Evidence Sec. 437.

E. W. DOBSON, Esq., for appellee.

An action or judgment against any one or more of several parties bound shall not be a bar to proceedings against the others.

Section 2942 Compiled Laws, New Mexico, 1897.

And as to joint and several contracts, see

Section 2946, Compiled Laws, New Mexico, 1897.

The liability of a surviving surety is not discharged by mere delay on the part of the creditor to prosecute his action against the estate of the principal debtor within the time prescribed in the administrator's act.

William Moore, Administrator, etc., v. Ely Gray, 26 O. St. 525; Camp v. Bosterick, 20 Ohio St. 3337; Farmers' Bank of Canton v. Reynolds, 13 Ohio 84; Dye v. Dye, 21 Ohio St. 86.

Where the principal is dead, the surety is not discharged by a failure of the creditor to present the claim and thus procure it to be paid out of his estate, even though the surety requests him to do so.

27 Am. & Eng. Ency. (2nd Ed.) p. 511; Hooks v. Branch Bank, 8 Ala. 580; Pearson v. Gayle, 11 Ala. 278; Darby v. Berney Nat. Bank, 97 Ala. 643; Los Angeles County v. Lankershim, 100 Cal. 525; Collier v. Leonard, 9 Ga., 311; Villers v. Palmer, 67 Ill. 204; Vredenburgh v. Snyder, 6 Iowa, 39; Pottawatomie County v. Taylor, 47 Iowa, 520; Banks v. State, 62 Md. 88; Cohea v. Sinking Fund Commissioners, 7 Smed and M. (Miss.) 437; Clark v. Douglas, 58 Neb. 571; Sibley v. McAllaster, 8 N. H. 389; Baker v. Small, 17

Pa. Supr. Ct. 423; Schnider v. White, et al., 8 Pac. 563; Park v. Kelsey, 60 N. W. 138; Walron v. Evans, 46 N. W. 607.

Where a court has heard the testimony and ascertained the facts, its determination is as much a finality as the verdict of a jury.

Medler v. Hotel and Opera House Co. 6 N. M. 331; Newcomb et al. v. White et al., 23 Pac. 671; Huntington v. Moore, 1 N. M. 503; Warking v. Atterbury, 39 S. W. 773; Becknell v. McAller, 53 N. W. 374.

### STATEMENT OF FACTS.

On March 31st, 1893, the appellant Neill B. Field, and one Casiana M. Sanchez, executed a certain promissory note to the Albuquerque National Bank, which note is as follows: .

"$600.00     Albuquerque, N. M., March 31st, 1893.

· "On demand after date without grace, we jointly and severally promise to pay to the order of the Albuquerque National Bank six hundred dollars at the Albuquerque National Bank, Albuquerque, New Mexico, with interest at the rate of one per cent per month from date until paid, value received, and in the event of a suit to enforce the collection of this note or any portion thereof————further agree to pay the additional sum of ten per cent upon the amount found due as attorney's fees in said suit.

"CASIANA M. SANCHEZ,
"No. 9234, due O. D.     NEILL B. FIELD.

Some time in the year 1893 said Casiana M. Sanchez died leaving a last will and testament which was duly admitted to probate and Neill B. Field was appointed and qualified as executor of said will. Due notice of same was given as required by law and such estate was duly administered in all respects, as provided by law. The Albuquerque National Bank in the mean time went into the hands of the receiver appointed by the comptroller of the currency, the receiver being one John W. Schofield. Appellant Field at the time the receiver took charge of said bank was indebted thereto in the sum of about nine thousand dollars in his individual capacity and on joint notes,

Newhall v. Field.

including the note sued on in about one thousand two hudred and forty-eight dollars.

The receiver did not present the note of Sanchez and Field to the Sanchez estate for allowance and payment, and the time prescribed by law for such presentation expired long prior to the commencement of this action.

Some time about May 7th, 1894, the receiver wrote a letter to Mr. Field evidently in answer to one previously written to him by Mr. Field as follows:

"The Albuquerque National Bank, John W. Schofield, Receiver, Albuquerque, New Mexico, May 7th, 1894. "NEILL B. FIELD, Esq., City:

"Dear Sir:—Referring to your letter of April 24th, relative to your indebtedness to this trust, in which you say: 'I have to propose that I will pay in cash a sufficient amount of money to reduce my indebtedness to $5,000, and will give satisfactory real estate securing that amount upon the condition that the time shall be extended on the $5,000, 6, 12 and 18 months, in equal installments; and the rate of interest reduced to 8 per cent.

"There is no encumbrance on any of my real estate in New Mexico, and if this proposition is accepted, you can select enough real estate to amply secure the debt, and I will convey it to a trustee with power to sell, and with condition that a failure to pay any installment of the debt at maturity, to render the whole amount due and payable."

I have to respectfully inform you that I am prepared to accept the above proposition, the expense of drawing and recording trust deed to be paid by you and that the matter be settled by May 12th (number of days delay as suggested by you.)

Very truly yours,
"J. W. SCHOFIELD, Receiver."

And on the 9th of May a second letter, as follows:

"John W. Schofield, Receiver the Albuquerque National Bank (No. 3222), capital and surplus $212,000, S. M. Folsom, president; John A. Lee, vice president; A. W. Jones, second vice president; A. G. Briggs, cashier.

"NEILL B. FIELD, Esq., City:

"Dear Sir:——In compliance with your request of this morning, I hand you herewith statement showing your indebtedness to this trust both as maker and endorser, which I trust you will find correct.

"Very respectfully,
J. W. SCHOFIELD, Receiver."

"In addition to the enclosed statement, your name appears on a note of W. W. Hite, for $250, together with the names of W. B. Childers and J. W. Wroth, interest on this note to the 15th inst., amounts to $39.7.

"The other parties on the note with you advise me that they are prepared to pay their proportion at any time you are ready."

It is undisputed that the terms of settlement contained in these letters were carried out and the total indebtedness therein mentioned fully paid by Mr. Field. The statement of the account mentioned in the last quoted letter is lost or destroyed and the evidence is meagre as to what items it contained, although it is not contended by Mr. Field that the Sanchez note was actually included in the account.

After the settlement between Mr. Field and the receiver, the receivership was closed up and the appellee, Mr. Newhall, was elected the agent of the shareholders of the bank to collect the indebtedness due them after the depositors were paid; and he, as such agent, brought this action in the district court of Bernalillo county on the note above set out.

Appellant filed an answer to the complaint, setting up two defenses:

(a)   That he was a mere surety on the note, which fact was known to the bank, and that the note should have been presented to the Sanchez estate for allowance and payment; and that having failed to do so until after the time expired under the statutes, the action is barred by the statute of limitation against the principal, and that the surety may plead the statute as a complete defense.

(b) ' That the account stated between him and the receiver and the settlement and payment thereon, is a

complete defense to all indebtedness claimed against him by the bank.

The court below sustained a demurrer to the first defense, and the second was tried by the court without a jury, who found the issues against appellant and rendered judgment for the amount due on the note, with interest and attorney's fees, from which he appeals to this court.

### OPINION OF THE COURT.

MANN, J.—The statute of limitations is a statute of repose. It does not discharge the debt or obligation, but merely takes away the remedy of collection by judgment and execution. This proposition is elementary and no citations are necessary to establish it.

It is also a well-settled principle of law that where a party has more than one remedy he may choose the one he will follow, and the fact that the statute has run against one remedy is no bar to another, 19 Am. and Eng. Ency. of Law (2nd Ed.) 512, and citations in note 7. Missouri Savings and Loan Co. v. Rice, 84 Fed. 131.

So a party having a right of action against two or more defendants may sue one, although the bar of the statute may prevent a recovery against the other. Moore Ad. v. Gray, 26 Ohio, St. 525; Camp v. Basturck, 20 Ohio, St. 337.

The cases above cited are analogous to the case at bar. In each one co-sureties, or joint makers of a note, were pleading the statutes limiting the time when claims might have been filed against the estate of a deceased co-surety or joint maker.

In 27 Am. and Eng. Ency. of Law (2nd Ed.) at page 511, the writer says: "Where the principal is dead, the surety is not discharged by a failure of the creditor to present the claim, and thus procure it to be paid out of the estate, even though the surety requests him to do so," citing numerous authorities in support of the proposition.

Under Secs. 2942 and 2946, Compiled Laws of New Mexico, the appellee might have sued either Mrs. Sanchez or Mr. Field, or both, during her lifetime upon the note in question, and her death did not change the remedy so far as appellant is concerned.

The holder of the note had his choice of remedies.

The note might have been collected from the estate by filing it as a claim within the period prescribed by law, or the legal holder could bring suit against Mr. Field in a court of competent jurisdiction to recover the amount due thereon. He chose the latter remedy, and appellant cannot complain. Appellant might have paid the note himself and set it up as a claim against the estate and saved himself from loss; but having failed to do so he cannot escape liability simply because the time had expired when claims could be filed against the Sanchez estate.

An account stated includes only the items set out and included in the statement of account. In Perking v. Hart, 11 Wheaton 237, the court, at page 256, says: "The the rule is the same in principle, at law; a settled account is only prima facie evidence of its correctness. It may be impeached by proof of unfairness or mistake, in law or in fact; and if it be confined to particular items of account, it concludes nothing in relation to other items not stated in it. The legal conclusion, therefore, insisted upon by the defendant that the plaintiff is precluded from recovering in this action for the two items claimed to have been due before the two accounts spoken of were rendered, is not correctly drawn; unless it appeared, from the point reserved, that these two items were included in what is styled the account stated."

This case is cited and the above rule adhered to in Wiggins v. Burkham, 10 Wall. 129, and Oil Co. v. Van Etten, 107 U. S. 325; Campton v. Seymour, 31 Atl. Rep. 889; Burrill v. Crossman, 91 Fed. 543.

In the case at bar it is not even claimed that the note sued upon was actually included in the statement of the account rendered by the receiver of the bank to Mr. Field. The latter says in his testimony, (Transcript p. 40): "I do not want anybody to understand me as saying that I ever specifically paid that note. I do not claim that. If I had, I would have taken it up. What I do claim is that I settled my liability to the bank on the terms stated in the letter."

The letter, or letters, of Schofield do not pretend to

contain a statement of the account. They only show that an account was rendered to appellant on a separate sheet, which is lost or destroyed. This sheet showed the items contained in the account stated to appellant. The letters were not complete themselves, and parol testimony was admissible to explain them and show what items were included in the account stated.

The judgment of the lower court is affirmed.

William J. Mills, C. J., Frank W. Parker, A. J., John R. McFie, A. J., Wm. H. Pope, A. J., concur.