Fred E. MEYER, Jr., Appellant,

v.

MASON PUBLISHING COMPANY, etc., Respondent.

No. CX–84–2234.

Court of Appeals of Minnesota.

Aug. 13, 1985.

**404**

Daniel G. Wall, Roseville, for appellant.

John B. Bellows, Jr., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals a judgment denying his claim for wages. Appellant claims the trial court erred by not applying Minn.Stat. §§ 181.13 and 181.79. Appellant also claims the trial court's findings of fact are not supported by the evidence. We affirm.

## FACTS

In July 1982, appellant Fred Meyer was hired by respondent Mason Publishing Company as a commissioned book salesman. Appellant received a $1200 per month draw against 20% commissions on all sales. In November 1982, appellant went to a 20% straight commission with no draw. He was informed he would receive 75% of his earned commissions each pay period with 25% retained to cover returns of goods sold.

In February 1983, appellant was made supervisor of a telemarketing sales team. His commission was changed to 5% of gross sales made by the team. In April 1983, appellant's commission was changed to 6% of net sales made by the telemarketing team. His supervisor informed him Mason would begin deducting 20% of his earned commissions to recover $5,353.63 commissions paid on returned publications.

A written agreement authorizing Mason to recover previously paid commissions was prepared by Mason, but appellant refused to sign it. Nevertheless, Mason's president, David Godden, directed Mason's controller to make the 20% deductions until appellant's "outstanding draw is reduced to zero." Despite continued objection, deductions of $3,463.20 were taken from appellant's wages between April 30, 1983 and October 21, 1983.

Appellant was fired on October 21, 1983, and he demanded his final wages. At that time, appellant's outstanding draw had been reduced to $1,841.23. After crediting appellant with expected commissions, two weeks severance pay and one week vacation pay, Mason claimed appellant still owed them $163.88. Consequently, Mason refused to pay appellant anything.

Appellant brought suit claiming Mason made unauthorized deductions from his pay in violation of Minn.Stat. § 181.79 and wrongfully refused to pay his wages within 24 hours of demand in violation of Minn. Stat. § 181.13. The trial court found Mason did not violate these statutes because "[a]t all times during Meyer's employment by Mason, Meyer's commissions due and earned * * * were less than the amounts actually paid him by Mason."

## ISSUE

Is the trial court's finding that Meyer did not have wages due and payable within the meaning of Minn.Stat. §§ 181.13, 181.79 (1984) clearly erroneous?

## ANALYSIS

1. Appellant did not make a motion for a new trial in this matter. Therefore, the only issues on appeal "are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

2. Appellant contends the trial court should have applied Minn.Stat. §§ 181.79 and 181.13. Section 181.79 provides that

an employer may not "make any deduction from *wages due or earned*" without an employee's authorization. Section 181.13 requires an employer who discharges an employee to pay "the wages or commissions *actually earned and unpaid*" within 24 hours after demand. The trial court found appellant did not have wages due, earned or unpaid within the meaning of these statutes because appellant's draw exceeded his earned commissions during his employment.

■ The trial court's finding that appellant did not have commissions due or earned is supported by the record. Appellant did not dispute the $5000 figure and acknowledged his draw exceeded his earned commissions. Appellant admitted he was only entitled to commissions on actual sales. Appellant also stated he understood draw against commission would later be deducted from earned commissions. Testimony by Mason employees also supported the trial court's finding. The trial court correctly concluded appellant did not have wages due and payable under Minn.Stat. §§ 181.13, 181.79 (1984).

Our recent decision in *St. Cloud Aviation, Inc. v. Hubbell*, 356 N.W.2d 749 (Minn.Ct.App.1984), is inapplicable here. *Hubbell*, and the cases cited in *Hubbell*, describe the circumstances where an employer may recover overdraws in post-employment suits against a former employee. These cases do not restrict the customary practice of setting off draw against commissions during the course of employment. In *Leighton v. Bancamerica-Blair Corporation*, 192 Minn. 223, 255 N.W. 848 (1934) (cited in *Hubbell*), for example, the Minnesota Supreme Court stated:

> Under ordinary circumstances, the overdraft which is the subject of this counterclaim would be set off against unpaid commissions.

*Id.* at 225, 255 N.W. at 849. Mason was entitled to set off overdraws against unpaid commissions.

## DECISION

The trial court did not err when it concluded appellant did not have commissions due and payable within the meaning of Minn.Stat. §§ 181.13 and 181.79.

Affirmed.