SARAH A. WALKER v. LUCY RENFRO.

Deeds reciprocally executed and delivered by parties for the conveyance of land by each to the other, vest the titles in accordance with their terms, notwithstanding a contemporaneous parol agreement between the parties that the deeds shall not be probated for registry until one of the parties shall perfect the title to the land conveyed by him; and it is immaterial whether the parties did or did not understand this to be the legal effect of their acts.

*Quaere:* Whether, in the absence of fraud, parol evidence is admissible to prove that a deed delivered to the grantee himself was not intended to take effect according to its import?

But if such evidence is admissible, it must be express to the point, and not merely inferential.

Although reciprocal conveyances expressing money considerations and containing general warranties of title, may be in effect an exchange of lands between the parties, yet such a transaction is not a technical exchange; and consequently if one of the parties be evicted from the land conveyed to him, he cannot re-enter upon the land he had given in exchange, as he might do if the transaction was a technical exchange.

In such a case, the remedy of the party evicted is upon the covenant of warranty in his deed.

As to what would be the rights of the party evicted, if his deed contained no warranty, the court expresses no opinion.

ERROR from McLennan. Tried below before the Hon. R. E. B. Baylor.

This suit was brought by Lucy Renfro against Sarah A. Walker and others, for the partition of a league and labor of land in McLennan county, in which tract the plaintiff claimed an undivided interest of four hundred acres.

The plaintiff derived her title by purchase from Isaac Renfro, to whom the defendant, Sarah A. Walker, had conveyed the interest in question on the 6th day of January, 1853. At the same time that Sarah A. Walker made this conveyance to Isaac Renfro, the latter by deed conveyed to her a tract of land in San Augustine county, known as the Sigler labor. The transaction was in reality an exchange of lands; but both deeds expressed money considerations and contained general warranties of title. At the

time of the mutual execution and delivery of these deeds, it was expressly agreed between the parties that neither deed should be proved for registry until Isaac Renfro should perfect the title to the Sigler labor. The defect in that title consisted in the conflict of the Sigler labor, to the extent of about one-fourth of its area, including the building improvements, with an older patent belonging to B. J. Thompson. It was also in evidence that Sarah A. Walker occupied the Sigler labor and made one or two crops on it after the exchange; that she had repeatedly demanded of Isaac Renfro that he would perfect the title, and had eventually abandoned the land and tendered him back his deed in consequence of his failure to perfect the title; that when the plaintiff, Lucy Renfro, was about to purchase from Isaac Renfro the undivided interest in controversy, Sarah A. Walker fully informed her of Isaac Renfro's engagement to perfect the title to the Sigler labor, and of his failure to do so, in consequence of which, as she, Sarah A. Walker, claimed, the land in controversy was her property and not that of Isaac Renfro.

These matters of defense were set up in the answers simply in the shape of a "failure of the consideration" of the deed from Sarah A. Walker to Isaac Renfro, and not by way of cross action upon the covenant of warranty in the deed from him to her.

*Nowlin* and *Herring*, for plaintiff in error, cited 12 Tex. R., 413; 18 Tex. R., 713; 19 Tex. R., 312; 17 Tex. R., 661; 13 Tex. R., 31; 11 Vernon R., 621; 23 Wend. R., 43; 11 Humph. R., 50; 2 Kent Com., 496 et seq.; 2 Yerger R., 215; 3 Yerger R., 178.

WHEELER, C. J. The deeds of the 6th of January, 1853, were executed and delivered to the parties respectively. The effect undoubtedly was to vest the title in accordance with the terms of the deeds. That effect, it is conceived, could not be obviated by the parol contemporaneous agreement that they should not be probated for registry until Renfro should perfect the title to the Sigler labor. The parties may not have been aware that such was the effect of the delivery. How that was, we are not certainly informed;

but however it may have been, their not understanding its effect, could not change the legal consequence of the act. Where a deed has thus been delivered to the grantee, it is questionable whether in the absence of fraud, parol evidence can be heard to prove that it was not to take effect according to its import. It may be shown that a deed was never duly delivered; or was delivered as an escrow; or to take effect only on a contingency which has not happened; or that the grantee obtained it fraudulently, or in an improper manner, &c. This species of evidence has not been considered as coming within the rule which rejects parol proof when offered to contradict a deed. (Roberts v. Jackson, 1 Wend., 484.) But here the deed was not delivered to a third person as an escrow; it is not pretended that it was not duly delivered and accepted by the grantee, completely and regularly executed. In Ward v. Lewis, (4 Pick., 518, 520,) it was held that, where a deed with the evidence of complete and unqualified execution on its face, has been signed, sealed and delivered to the party, parol evidence of an agreement or understanding that it should not take effect until a certain event, is inadmissible as going to vary the terms of the deed and make that conditional which appeared to be absolute.

But if such evidence can be received where the deed is thus delivered to the party, and not to a third person, the evidence in this case is not deemed to prove that it was the understanding of the parties that the deed should not take effect at the time of delivery. Such an intention may, perhaps, be inferred; but it is an inference which the court would not be disposed to adopt where there is doubt as to the admissibility of such an inference upon legal grounds, and the evidence is not express to the point.

Although the transaction was in effect an exchange of lands, it was not a technical exchange, and it seems to be the doctrine of the adjudged cases that the effect of such an exchange—that is, that if one party is evicted from the land conveyed to him, he may re-enter upon his own land which he had given in exchange— does not attach to a case like the present. (2 Hilliard on Real Property, 380; Id., 314, 315; Harland v. Eastland, Hardin, (Ky.) R., 590; Cass v. Thompson, 1 N. H., 65.)

Both deeds contained an express covenant of warranty of title. That of Mrs. Walker vested in Renfro the title to the land in controversy. The consequence is, that his alienee, the plaintiff, can maintain this action, and the right of action is not defeated by the failure of title to the labor. The defendant has her remedy for such failure of title upon the warranty in her deed. She has not sought it in her defence to this action, and must therefore be left to pursue it in another, should she think proper. We need not inquire what would have been the effect of the deed, had it contained no warranty.

It is unnecessary to revise the rulings of the court upon instructions to the jury. Since the defence to the action cannot be maintained, these rulings are immaterial.

The judgment is affirmed.

Judgment affirmed.