———o———

## SUTTON v. JERVIS.

DESCENT.—*Surviving Wife.*—*Mortgage.*—A man during marriage purchased certain land which he entered upon and improved and of which he received from his vendor a deed of conveyance in fee simple, which was lost, misplaced, or destroyed by the grantee, without having been recorded; and, with his consent another deed was made to his son by said vendor. Afterwards the father and son executed a mortgage of the land, in which the wife of the former did not join. The father, son, and said wife resided as one family upon the land and cultivated it from the time of said purchase till the father and son died, leaving said wife surviving and said mortgage unpaid.

*Held*, that the surviving wife was entitled to one-third of the land in fee simple as against the mortgagee seeking to foreclose his mortgage.

APPEAL from the Knox Common Pleas.

RAY, J.—The appellee filed his complaint to foreclose a mortgage, making the appellant, Mary Sutton, a defendant, alleging, that she was the widow of Ebenezer Sutton, deceased, and the mother of Simon Sutton, deceased. Other heirs were made parties defendants.

The complaint charged, that said Ebenezer and Simon had executed and delivered a mortgage on certain described

property, to secure certain debts to the appellee; that said Ebenezer had no interest in the land so mortgaged, but the same was the sole property of said Simon; and that the debts secured thereby were due and unpaid.

The appellant answered, that she and her husband occupied the land described in the mortgage up to the date of his death, and she still resided upon the same; that the title had been conveyed to her husband, and she had never joined in any conveyance or incumbrance of the property, and she was therefore entitled to one-third thereof in fee; and she asked that the same be set off to her.

Reply, that the sole title to the land was in the heirs of said Simon, and that Ebenezer never owned said land or had any interest in the same. A denial was also filed.

A motion was overruled to strike out the special paragraph of the reply. It should have been stricken out. The answer itself amounted to nothing more than a denial of the allegation in the complaint, that the entire title to the property mortgaged was in Simon Sutton; and the reply simply reaffirms this averment. But the error is harmless.

On the trial of the cause, the appellant proved by one Myers, that he was the former owner of the property, and as such owner had, some eight years before, sold the same to Ebenezer Sutton for the sum of one thousand dollars, and received from him two payments of about five hundred dollars; that said Ebenezer had taken possession of said land, built a residence, and resided therein with his family; that he had cleared and farmed some sixty or seventy acres of the land; that some three years after such purchase, Myers had executed a deed of said land, which was duly acknowledged and delivered to Ebenezer; that the deed was afterwards lost, misplaced, or destroyed by said Ebenezer, without having been recorded, and, with the consent of Ebenezer, Myers had executed another deed to Simon, the son of the appellant and said Ebenezer; that the appellant, her husband, and son, at the date of the purchase, were all living together as one family, and possessed and cultivated

the land up to the date of the death of said Simon and Ebenezer; and the appellant with the heirs of said Simon had continued to reside upon the same. The appellee then proved by said Myers that Ebenezer had said that the deed to him "was of no account."

Upon this evidence the court found that the appellant had no interest in the land, and entered a decree for the sale of the property under the mortgage.

The only ground upon which it can be contended that this finding should be sustained is, that the fact that Ebenezer Sutton lost, misplaced, or destroyed the deed conveying the property to him, and afterwards verbally consented that Myers should execute a conveyance to his son, estops the appellant from proving such a conveyance of the land to Ebenezer. *Speer* v. *Speer*, 7. Ind. 178; *Thompson* v. *Thompson*, 9 Ind. 323; *Bank of Newbury* v. *Eastman*, 44 N. H. 431; *Parker* v. *Kane*, 4 Wis. 1.

The voluntary redelivery, destruction, or canceling of the deed could, under no circumstances, reinvest the title in Myers. *Holbrook* v. *Tirrell*, 9 Pick. 105; *Botsford* v. *Morehouse*, 4 Conn. 550; *Gilbert* v. *Bulkley*, 5 Conn. 262; *Nason* v. *Grant*, 21 Me. 160; *Patterson* v. *Yeaton*, 47 Me. 308. But equity would not permit Ebenezer Sutton, as against a purchaser for value, to introduce parol evidence of the contents of the instrument so destroyed. He could not, after voluntarily depriving himself of the best evidence, introduce evidence of a lower grade. But this rule would not be applied as against the rights of a third party having acquired any interest in the land. *Nason* v. *Grant*, *supra*, and authorities there cited. In *Wilson* v. *Hill*, 2 Beasley, 143, it was held, that the title to lands vested in a married woman by an unrecorded deed cannot be divested by her parol consent that such deed may be canceled and a conveyance made by her grantor to her husband.

Our statute gives the surviving wife one-third of all the real estate of which her husband may have been seized in fee simple, at any time during the marriage, and in the convey-

ance of which she may not have joined, in due form of law. 1 G. & H. 296, sec. 27. Certainly, the husband of the appellant was seized in fee simple of the land during the marriage, and the wife united in no conveyance of the title.

But the evidence does not show that there was any voluntary destruction of the deed by Ebenezer. He had received the title, entered upon the land, improved it, and at the date of the mortgage by Simon, the mortgagee, Jervis, was bound to take notice of such continued possession, not by his mortgagor, but by Ebenezer, in whom the legal title had vested.

There is nothing in the proof which could in any way deprive the appellant of her right to one-third of the property in question.

The cause is reversed as to the appellant, and remanded for a new trial. Costs.

*W. F. Pidgeon*, for appellant.

*W. E. Niblack* and *W. H. De Wolf*, for appellee.