S. A. WILKINSON v. ROWLAND & PATTY.

(No. 3589.)

APPEAL from Hill County.   Opinion by WILLSON, J.

*(Transferred from Austin.)*

A. P. McKINNON, counsel for appellant.

S. C. UPSHAW and TOM IVY, counsel for appellees.

§ 11. *Married woman; may bind her separate personal property for husband's debt by mortgage; such mortgage need not be acknowledged by her to render it valid; case stated.* D. C. Wilkinson, the husband of appellant, executed his promissory note, with appellees as his sureties thereon, to one Phillips for the sum of $600. To indemnify said sureties, he, joined by appellant, his wife, executed to them a chattel mortgage upon certain cattle. Appellees were compelled to pay said note, and they brought this suit to recover the money so paid by them, and also to foreclose said mortgage upon said cattle. The suit was against appellant and her husband jointly. The husband made no defense. Appellant pleaded her coverture at the time of the execution of the mortgage; that she never acknowledged said mortgage; that the cattle were her separate property; and that the debt which said

mortgage was given to secure was not incurred for necessaries for herself or family, or for the benefit of her separate property; wherefore she claimed that said mortgage was not valid to bind her separate property.    Judgment was rendered in favor of appellees against D. C. Wilkinson, the husband, for the amount of the debt claimed, and for costs and foreclosure of the mortgage against both defendants, from which judgment the wife alone prosecutes this appeal.    *Held:* The only question to be determined is the validity of the mortgage to bind the separate personal property of the wife.    It is admitted that the cattle were her separate property, and that said mortgage was not acknowledged by her, or in any manner authenticated for registration.    It is well settled that the wife may, by mortgage, legally incumber her separate estate to secure the debt or liability of her husband. [Hollis v. Francois, 5 Tex. 195; Wiley v. Prince, 21 Tex. 637; Hall v. Dotson, 55 Tex. 520.]    Prior to the adoption of the Revised Statutes all conveyances by the wife of her separate property, whether real or personal, to be valid, were required to be acknowledged by her in the manner prescribed by statute.    [Hollis v. Francois, *supra;* Cartwright v. Hollis, 5 Tex. 166; Berry v. Donley, 26 Tex. 744; Pas. Dig. art. 1003.]    But such is not now the statute except as to real estate.    [R. S. art. 559.]    There no longer exists any statutory provision prescribing the mode by which a married woman may convey or incumber her separate personal property.    In the absence of such a provision, her right of disposition is as unrestricted as if she were a *feme sole.*    As to real property there is such a provision, and she can only convey or incumber her real property in the manner prescribed by such provision.    We hold the mortgage in this case to be valid against appellant's separate property.

October 31, 1885.                                    Affirmed.