## HATTIE W. BROWN v. EPHRAIM P. HARTMAN.

FILED JANUARY 5, 1899.  No. 8581.

1. **Deeds: EFFECT OF DELIVERY: REGISTRATION.** Where a deed is delivered to the grantee by the grantor, it at once becomes operative as a conveyance, if such was the intention of the parties, even though the instrument was not to be recorded during the lifetime of the grantor.

2. ———: **DESTRUCTION.** The destruction of a deed, after its delivery, does not divest the title of the grantee.

3. ———: **SURRENDER.** The surrender of an unrecorded deed by the grantee to the grantor will not reinvest the title in the latter.

4. ———: **EJECTMENT: FINDING FOR DEFENDANT.** The findings and judgment are not supported by the evidence.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J. *Reversed.*

*M. L. Hayward* and *Paul Jessen*, for plaintiff in error.

*John C. Watson*, for defendant in error:

An unrecorded deed of land voluntarily given up and canceled by the parties with intent to reinvest the estate in the grantor will, as between the parties and all persons subsequently claiming under them, operate as a reconveyance and revest the estate in the grantor. (*Schade v. Bissinger*, 3 Neb. 140; *Commonwealth v. Dudley*, 10 Mass. 403; *Thompson v. Ward*, 1 N. H. 9.)

NORVAL, J.

This was an action in ejectment to recover about ninety acres of land in Otoe county. The petition contained the usual averments, and the answer was a general denial. A trial resulted in a judgment for plaintiff below, Hattie W. Brown. A second trial was awarded under the statute, which terminated in a judgment for the defendant, to reverse which is the purpose of this proceeding.

The sole question presented is whether the findings and judgment are sustained by the evidence. The trial was to the court, without the aid of a jury, and much immaterial and incompetent evidence was adduced, which, upon review, must be wholly disregarded. Plaintiff and defendant are sister and brother, and their mother, Sarah Hartman, owned the land in controversy. Both parties claim title through her; the plaintiff by warranty deed executed by Mrs. Hartman on December 11, 1891, and the defendant under a deed executed by Mrs. Hartman and her husband on January 12, 1894. It is asserted by the defendant,—and the trial court evidently so found,—that the deed to plaintiff was never delivered to her by the grantor for the purpose of vesting title to the real estate in the grantee. There is no conflict in the evidence bearing upon the question. The plaintiff and her husband were the only witnesses examined upon that point. It is disclosed from their testimony that Mrs. Hartman, while at the home of her daughter, Mrs. Brown, in December, requested the husband of the latter to prepare the deed for the land to the daughter to carry out the desire the grantor had more than once expressed to convey the premises to her said daughter. The deed was drawn as requested, reserving therein an estate for life in Mrs. Hartman, which instrument she signed in the presence of, and acknowledged the execution thereof before, F. E. Brown, the grantee's husband, as a notary public. The evidence is positive that the deed was thereupon by Mrs. Hartman delivered to her daughter with the request that she keep the same, but not record it until after the grantor's death, the reason she assigned therefor at the time being "that certain members of the family would kick up a family quarrel if they found it out," and for this reason alone it was withheld from the record. The deed was delivered by plaintiff to her husband for safe-keeping, who placed the same in his safe, where it remained from December, 1891, until January 10, 1894, when, at the

request of Mrs. Hartman, who at the time was very ill and confined to her bed, Mrs. Brown obtained the deed and, after having a copy made, handed the original to her mother without any intention on the part of plaintiff to reinvest the title to the premises in Mrs. Hartman, but solely for the purpose of pacifying the latter. To the question propounded to plaintiff on cross-examination by defendant's counsel, "How did you happen to deliver that deed to your mother?" the witness answered, "She was sick at the time and told me that she wanted it, and I would do anything to please her, so I gave it to her." Shortly after Mrs. Hartman received the deed it was destroyed by the defendant, but whether at the request of the plaintiff or her mother the witnesses do not agree in their statement of the occurrence. It is, however, testified to positively by plaintiff, and there is no conflict in the evidence on the point, that Mrs. Hartman, before obtaining the deed, did not inform her daughter that she was going to have it destroyed, but on the contrary stated to Mrs. Brown that "she wanted to put it in her box with the rest of her papers." Mrs. Hartman died on February 2, 1894. The deed to plaintiff was executed and delivered for some purpose, and all the testimony tends to show that the object of its execution, and the only one, was to invest the title to the property in Mrs. Brown. That it was not testamentary in its character, to take effect alone on the death of the grantor, is evidenced by the fact that the deed contained a clause reserving a life estate in Mrs. Hartman. If the intention of the parties was that the title was not to pass during the lifetime of the grantor, then there was no occasion for inserting the provision just mentioned. The evidence satisfies us, and no other legitimate conclusion can be drawn from the proofs in this record than that the deed was delivered and received with the intention that it should become effective at once as a conveyance of the property. Only the recording of the instrument was to be delayed until after the death of the grantor. This

case, in some of its principal features, is like the case of *Brown v. Westerfield*, 47 Neb. 399. There a mother signed and acknowledged a deed conveying to her daughter, subject to a life estate, lots in the city of Lincoln. The deed was delivered to the officer taking the acknowledgment for the use of grantee, with the understanding that he was to retain possession of the instrument until the death of the mother, when it was to be filed for record. Subsequently the deed was left in the possession of the mother and was destroyed or had been lost. It was held that the title passed to the daughter upon the delivery of the deed to the officer and the subsequent loss or destruction of the instrument did not operate to divest her title. Neither the surrender of the deed in the case at bar by the daughter to her mother, nor the subsequent destruction, operated as a reconveyance of the title. (*Brown v. Westerfield, supra; Bunz v. Cornelius*, 19 Neb. 107; *Connell v. Galligher*, 39 Neb. 793; Devlin, Deeds sec. 300, and cases there cited; *Rogers v. Rogers*, 53 Wis. 36; and authorities* cited in brief of plaintiff.)

We are cognizant of the rule, and have often applied it, that a decree based on conflicting evidence will not be molested on appeal. But the present case does not fall within that principle. There is absolutely no competent evidence to support the finding of the trial judge that the deed was delivered to plaintiff's husband by the grantor to be retained by him until called for by the

*Starr v. Starr*, 1 O. 321; *Rogers v. Rogers*, 53 Wis. 36; *Taliaferro v. Rolton*, 34 Ark. 503; *Snodgrass v. Ricketts*, 13 Cal. 359; *Jeffers v. Philo*, 35 O. St. 173; *Kearsing v. Kilian*, 18 Cal. 492; *Brady v. Huff*, 75 Ala. 80; *Bowman v. Cudworth*, 31 Cal. 148; *Killey v. Wilson*, 33 Cal. 691; *Lawton v. Gordon*, 34 Cal. 36; *Wallace v. Berdell*, 97 N. Y. 13; *Strawn v. Norris*, 21 Ark. 80; *Hinchliff v. Hinman*, 18 Wis. 139; *Walker v. Renfro*, 26 Tex. 142; *Gilbert v. Bulkley*, 13 Am. Dec. [Conn.] 57; *Botsford v. Morehouse*, 4 Conn. 550; *Raynor v. Wilson*, 6 Hill [N. Y.] 469; *Shotwell v. Harrison*, 22 Mich. 410; *Maupin v. Emmons*, 47 Mo. 304; *Parker v. Kane*, 65 Am. Dec. [Wis.] 283; *Howard v. Huffman*, 75 Am. Dec. [Tenn.] 783; *Van Hook v. Simmons*, 78 Am. Dec. [Tex.] 573; *Alexander v. Hickox*, 86 Am. Dec. [Mo.] 118; *Sutton v. Jervis*, 31 Ind. 267; *Dukes v. Spangler*, 35 O. St. 119.

grantor. The evidence is clear and convincing that there was an actual delivery of the deed to the plaintiff by the mother with the intention of conveying the title. The deed upon such delivery became operative as a conveyance. The defendant was aware of plaintiff's deed when the deed to him was executed. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.