# WILLIAM S. GREEN v. JAMES M. HAYES and Another.[1]

January 3, 1913.

Nos. 17,884—(123)

**Equitable action — question for jury.**

In an action to cancel a deed for fraud and for other relief, the trial court did not err in submitting specific questions of fact to the jury. R. L. 1905, § 4164. [Reporter.]

**Evidence sustained finding of fraud.**

The evidence was sufficient to sustain the findings that the exchange of property was induced by the fraud of defendant. [Reporter.]

**Construction of verdict.**

The finding of the jury that defendant agreed to return all of plaintiff's papers was equivalent to a finding that he agreed to reconvey the land to plaintiff. [Reporter.]

**Reconveyance of title.**

The surrender of a deed which had been delivered, but not recorded, would not revest the title to the land in the grantor. [Reporter.]

**Question of fact.**

Whether the parties to the action made an agreement to rescind a previous agreement to exchange land for a livery stable business was a question of fact for the trial court. [Reporter.]

**Action to cancel deed.**

Plaintiff conveyed land to defendant and gave his notes and chattel mortgage in exchange for the latter's livery stable business. Eight months after, the parties agreed that defendant should take back the stock and return plaintiff's notes and chattel mortgage. The deed had not been recorded. Plaintiff then brought an action to cancel the deed because of fraudulent representations and for other relief. *Held:* Under the determined facts, plaintiff was entitled to the remedy invoked. [Reporter.]

Action in the district court for Crow Wing county to have a certain deed canceled on the ground of fraud. The case was tried be-

[1] Reported in 139 N. W. 139.

Note.—On the question of the measure of damages for fraud in exchange of property, see note in 38 L.R.A. (N.S.) 465.

fore Wright, J., who, when plaintiff rested, denied defendant's motion that the case be dismissed, and submitted ten questions to the jury, which answered them in favor of plaintiff. The court subsequently made findings and ordered judgment that the deed be canceled and defendants required to convey the premises to plaintiff by a special warranty deed. From an order denying defendants' motion for judgment in their favor notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Jay Henry Long,* for appellants.

*M. E. Ryan,* for respondent.

PER CURIAM.

Action to cancel a deed on the ground of fraud. In November, 1907, the plaintiff exchanged 80 acres of land owned by him in Crow Wing county for a livery stock owned by the defendant James M. Hayes, giving his notes, and a chattel mortgage on the stock to secure the same, for the sum of $1,089.60, and executed a deed of his 80. Immediately thereafter the plaintiff rented the defendant's barn and began to conduct a livery business therein, continuing to carry on the same until August 1, 1908, when, having paid nothing on the mortgage indebtedness, and but three months' barn rent, the parties, upon a threat by Hayes to foreclose the mortgage, agreed that Hayes should take back the livery stock and return to the plaintiff his notes and chattel mortgage, which was done. At the time of this transaction the deed to the 80 acres of land had not been recorded. The plaintiff claimed that in the agreement last mentioned the defendant agreed, in the further consideration of the surrender of the barn and livery stock, to "give him back all his papers," but that he failed to return the deed or to reconvey the land. The plaintiff thereupon commenced this action, setting out in his complaint, among other things, substantially the facts above recited, and also that he was induced to enter into the exchange by the defendant Hayes' fraudulent representations, specifying them, concerning the profits the latter had made in conducting the livery business traded to the plaintiff, and also concerning the price paid for a certain hack and the soundness of certain horses, all included in the exchange. He also alleged

a fraudulent representation as to the amount of the notes and chattel mortgage, and averred the rescission of the contract, and the agreement stated with reference thereto, especially the promise to return all the papers, and demanded that his deed be canceled. The defendant answered, admitting the agreement for exchange and its execution, denying all claims of fraud, admitting the making of the agreement to rescind, but claiming that it was not a part of such agreement that he should return the deed for or make a reconveyance of the 80.

The case was tried by the court, and ten questions were submitted to a jury. These questions related to the alleged fraudulent representations, the knowledge of the defendant as to their falsity, the defendant's intention to deceive the plaintiff thereby, and the plaintiff's reliance thereon, and the defendant's agreement, made on the re-exchange, to return all of the papers. The jury answered the interrogatories favorably to the plaintiff's claims. Thereupon, on August 14, 1911, the court made findings and ordered judgment for the cancellation of the deed. Thereafter the defendants Hayes and wife moved for a new trial, which was denied, and this appeal followed.

1. The defendants do not attack the court's findings of fact; their assignments of error being six in number, and the first and fifth being that the court erred in overruling the defendants' objection, made at the beginning of the trial and also at the close of the evidence, to the submission of any of the written interrogatories to the jury. R. L. 1905, § 4164, provides for the submission of specific questions of fact in an equitable action to a jury, and our attention has not been called to any irregularity in the action of the trial court in this regard.

2. The defendants' second and fourth assignments of error relate to alleged error in failing to dismiss the action at the close of the plaintiff's case, and also at the close of all the evidence. The defendants concede that, if the plaintiff made a case against the husband of fraud in the original transaction, then the facts relative to the settlement might have been considered, but argued, under the third assignment, that because no such fraud was established it was error to deny the defendants' motion to strike out all of the testimony tending to show that the deed to the farm was to be returned, and also to dis-

miss the action for failure of proof. We cannot sustain these contentions, because we are of the opinion that the evidence was sufficient to sustain the findings to the effect that the trade was induced by the defendant James M. Hayes' fraud.

The defendants argue that the finding of the jury, to the effect that the defendant Hayes agreed to return all of the plaintiff's papers, is not equivalent to a finding that he agreed to reconvey the land. We hold otherwise on the facts here shown. A surrender of the deed by the defendants to the plaintiff after its delivery would not have revested the title to the land in the plaintiff; but the finding of the jury meant substantially that the parties rescinded the contract of exchange, and an integral part of such agreement was that the plaintiff should have his land back. Both of the parties evidently considered that this agreement, so far as the land was concerned, would be executed by the return of the deed; it being then unrecorded. In this they were mistaken, not as to the contract actually made, concerning which their minds met, but merely as to the proper means of effectuating it. This defect the law supplies.

3. In support of the last assignment of error, it is urged that the plaintiff's theory as to the defendants' giving up the land is improbable; the insistence being that it is unlikely that Hayes would consent to a practical rescission of the contract of exchange, and thus to the loss which would result to him thereby. Granted. On the other hand, is it reasonable to suppose that the plaintiff, so soon after acquiring a profitable livery business as the defendant claims this was, would have been willing to give it up merely for the return of the notes and chattel mortgage, thus losing the farm? Questions of fact, like those involved in this action, are ordinarily for the final determination of trial courts, and we find no warrant for interfering with the action taken by the court below.

4. Finally, the defendant contends that cancelation was not the proper remedy. There can be no doubt, however, that it would be a fraud on the defendants' part, and against the plaintiff's rights, if the defendants were allowed to breach the contract of re-exchange and to retain the legal title to the land evidenced by the deed. It furthermore appeared that the plaintiff had no knowledge of the falsity of

the defendant Hayes' representations concerning the profits made by him while conducting the livery business until after the transaction of August 1, 1908. We think that, under the determined facts, the plaintiff was entitled to the remedy invoked.

Order affirmed.