EMERSON-BRANTINGHAM IMPLEMENT COMPANY v. A. J. COOK AND ANOTHER.[1]

December 4, 1925.

No. 24,902.

**When vendee's return of deed and acceptance by vendor effects an estoppel.**
1. The return by the vendee to the vendor of a delivered but unrecorded deed does not revest title; but the return and acceptance of such deed, in connection with other circumstances, may have the effect of an estoppel; and such is the effect where the vendee of land, being unable to pay the purchase money mortgage, returned the deed to the vendor for cancelation, received a satisfaction of the mortgage and mortgage debt, and the vendor as a part of the transaction deeded a portion of the lands to the vendee's wife.

[1]Reported in 206 N. W. 170.

**Finding of no fraud sustained.**

2. The finding that there was no fraud as to the plaintiff judgment creditor in the arrangement whereby the deed was returned to the vendor who gave a deed of a portion of the land to the vendee's wife is sustained.

**Judgment a lien upon debtor's title when he holds unrecorded deed.**

3. A judgment is a lien upon the title of the judgment debtor holding under an unrecorded deed, though, by the recording act, a judgment does not take precedence of an unrecorded deed when the title to the land is not of record in the name of the judgment debtor.

1. See Deeds, 18 C. J. pp. 407, 408 (Anno), § 477.
2. See Fraudulent Conveyances, 27 C. J. p. 535, § 227; p. 821, § 770.
3. See Judgments, 34 C. J. p. 593, § 903.

---

1. See notes in 18 L. R. A. (N. S.) 1167; 34 L. R. A. (N. S.) 495; L. R. A. 1918F, 402. 8 R. C. L. p. 1022; 2 R. C. L. Supp. p. 706; 4 R. C. L. Supp. p. 586.

Action in the district court for Traverse county to vacate as fraudulent as to the plaintiff a conveyance to the defendant Anna J. Cook and to subject the land described therein to plaintiff's judgment. The case was tried before Flaherty, J., who found for defendant Anna J. Cook. Plaintiff appealed from an order denying its motion for a new trial. Affirmed.

*Murphy & Johanson,* for appellant.

*W. B. Mitton* and *Lewis E. Jones,* for respondent.

DIBELL, J.

The defendants A. J. Cook and Anna J. Cook are husband and wife. The plaintiff is a judgment creditor of the former. The action is to set aside as fraudulent as to the plaintiff a conveyance to Mrs. Cook of 112 acres of land, standing of record in the name of one Doll, who had given a deed to Cook, which was unrecorded and was returned at the time to Doll for cancelation. The findings were against the plaintiff and it appeals from the order denying its motion for a new trial.

On April 6, 1920, Doll contracted with Cook to convey him 529 acres of land in Traverse county for a consideration of $52,900. Cook took possession. One 80 constituted his homestead. By January 3, 1921, he had paid $23,000. Doll then deeded the land to him, and he, Mrs. Cook joining, gave a purchase money mortgage for $32,220, which represented the balance due in principal and interest. The mortgage was recorded on January 6, 1922. The deed was not recorded. On June 7, 1922, judgment was docketed against Cook in favor of the plaintiff for $1,145.29.

Mr. and Mrs. Cook could not pay for the land. On November 24, 1923, it was arranged between them and Doll that they pay him $300, that he have the land, satisfy the purchase money debt and mortgage, then amounting to $36,220, and deed to Mrs. Cook two government lots, a part of the 529 acres, containing 112 acres. To carry out this agreement the Cooks returned the unrecorded deed to Doll, with authority to destroy it, and with the purpose of passing their title; and Doll satisfied the purchase money debt and mortgage, and gave a deed of the 112 acres to Mrs. Cook—the deed now sought to be set aside as fraudulent.

Counsel discuss the effect of the redelivery of the deed to Doll, the charge of fraud in the arrangement whereby title to the 112 acres was transferred to Mrs. Cook, and the effect of the plaintiff's judgment.

1. The general principle is settled, though the contrary has been held (Emery v. Dana, 76 N. H. 483, 84 Atl. 976), that the return by the vendee to the vendor of an unrecorded deed with the purpose of revesting title in the vendor, is of itself ineffectual. Green v. Hayes, 120 Minn. 201, 139 N. W. 139; Albright v. Albright, 70 Wis. 528, 36 N. W. 254; Cranmer v. Porter, 41 Cal. 462; Derby v. Donahoe, 208 Mo. 684, 106 S. W. 632; Tabor v. Tabor, 136 Mich. 255, 99 N. W. 4; Old Nat. Bank v. Findley, 131 Ind. 225, 31 N. E. 62; Brown v. Hartman, 57 Neb. 341, 77 N. W. 776. It is settled, too, that the circumstances may be such as to estop the parties to such an arrangement from asserting that the vendor to whom the deed was returned, or his grantee, is not thereafter the owner. Hol-

brook v. Tirrell, 9 Pick. (Mass.) 105; Albright v. Albright, 70 Wis. 528, 36 N. W. 254; Brown v. Brown, 142 Iowa, 125, 120 N. W. 724; Matheson v. Matheson, 139 Iowa, 511, 117 N. W. 755, 18 L. R. A. (N. S.) 1167; Howard v. Huffman, 40 Tenn. (3 Head.) 562, 75 Am. Dec. 783; Crossman v. Keister, 223 Ill. 69, 79 N. E. 58, 8 L. R. A. (N. S.) 698, 114 Am. St. 305; 4 Thompson, Real Prop. § 3897; 1 Devlin, Deeds (3d ed.) § 302; 3 Washburn, Real Prop. (6 ed.) § 2182; 2 Tiffany, Real Prop. (2 ed.) § 465; 18 C. J. 407. Cases illustrating various applications of the doctrine are noted in 8 L. R. A. (N. S.) 698; 18 L. R. A. (N. S.) 1167; 34 L. R. A. (N. S.) 495; L. R. A. 1918F, 402; Dec. Dig. Deeds, §§ 179-182; 16 Cent. Dig. Deeds, §§ 551-553.

It is clear that Doll, after receiving the deed for cancelation, and the $300 in money, which was paid by Mrs. Cook, could not assert that his deed did not convey title to Mrs. Cook; nor could the Cooks, after receiving a satisfaction of the $36,200 mortgage indebtedness, and a conveyance to Mrs. Cook of the 112 acres, assert that Mr. Cook had title to any portion of the 529 acres through the 1923 deed from Doll. The claim of estoppel would bar all parties; so as between the parties Mrs. Cook owns the 112 acres and Doll that remaining of the 529 acres.

2. The trial court finds that there was no fraud. It was of the view that the property was worth less than the encumbrances and that the plaintiff was not injured or defrauded. See Baldwin v. Rogers, 28 Minn. 544, 11 N. W. 77; Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212, and, aside from this, the evidence did not require a finding of fraud, and the finding that there was no fraud is sustained.

3. In no view occurring to us is the plaintiff entitled to relief. Its judgment was docketed on June 7, 1922. A judgment is a lien from the time of its docketing "upon all real property in the county then or thereafter owned by the judgment debtor." G. S. 1923, § 9400. It is a lien in this state, though not everywhere, upon the equitable title of the judgment debtor; by way of illustration upon the equitable title of a vendee in a contract of sale. Farmers & M. S. Bank v. Stageberg, 161 Minn. 413, 201 N. W. 612, and cases

cited. At the time of the docket Cook had the legal title to the 529 acres, though not the record title. The rule is general, though not universal, that a judgment is a lien upon the property of the judgment debtor though the deed to him is not recorded. Denegre v. Haun, 13 Iowa, 240; Niantic Bank v. Dennis, 37 Ill. 381; Barlow v. Cooper, 109 Ill. App. 375; Givanovitch v. Hebrew Cong. 36 La. Ann. 272; Richter v. Selin, 8 S. & R. (Pa.) 425; Kline v. Triplett (Va.) 25 S. E. 886; Jacobs v. Scheurer, 62 Fla. 216, 57 South. 356; 2 Freeman, Judg. (5 ed.) § 939; 34 C. J. 592; note Ann. Cas. 1912D, 988. This is our holding. Hook v. Northwest T. Co. 91 Minn. 482, 98 N. W. 463; Goswitz v. Jefferson, 123 Minn. 293, 143 N. W. 720.

The holding that a judgment is a lien upon the title of the judgment debtor whose deed is unrecorded does not operate against a good faith purchaser of the record title, for the recording act makes an unrecorded conveyance void against a judgment only when the judgment is "against the person in whose name the title to such land appears of record prior to the recording of such conveyance." G. S. 1923, § 8226. Judgments take precedence only when title appears of record in the name of the judgment debtor. Butterwick v. Fuller & J. Mnfg. Co. 140 Minn. 327, 168 N. W. 18, and cases cited; Kelly v. Byers, 115 Minn. 489, 132 N. W. 919; Lyman v. Gaar, Scott & Co. 75 Minn. 207, 77 N. W. 828, 74 Am. St. 452; Coles v. Berryhill, 37 Minn. 56, 33 N. W. 213. Occasional language used in some of these cases may suggest that there is no lien unless record title is in the judgment debtor; but it must be interpreted with the subject to which it is used in view. The statute is simply a recording act. Here there is no place for its application. The Cooks and Doll were participants in the arrangement which resulted in the legal title in Cook not becoming a record title in him, and the record title to a part passing from Doll to Mrs. Cook and the rest remaining in him.

Whatever right came to the plaintiff by the docket of its judgment was not taken away by the subsequent arrangement between the Cooks and Doll; but it is not entitled to relief in this action.

Order affirmed.