MARGARET E. EXSTED v. FRANK EXSTED AND OTHERS.[1]

April 29, 1938.

No. 31,498.

[1]Reported in 279 N. W. 554.

*Joseph P. O'Hara* and *Frank T. O'Malley,* for appellants.
*Dell K. Steuart,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Action to determine adverse claims to realty. Suit is brought by the divorced wife of Harry H. Exsted, deceased, as administratrix of his estate and as guardian of his sole heir.

The decedent purchased the farm over which this contest is waged from his mother in 1923, giving back a mortgage for $6,943. On September 4, 1930, he and his wife conveyed this and another farm, together with some urban property, to defendant Frank Exsted. In 1932 Harry paid to his mother's administrator the balance of the mortgage debt remaining unpaid. From 1930 to 1935 Harry let the farm and collected the rent, renewed the insurance on the premises, held himself out as the owner in making a mortgage on the crops securing the payment of the rent subservient to a creditor of a tenant, authorized and paid for repairs, and paid the taxes up to 1934. Plaintiff contends that the conveyance to Frank in 1930 was simply an arrangement of convenience accompanied by an agreement by Frank to reconvey whenever requested. Frank contends that he had loaned Harry money over a long period of years, which totaled about $7,000 at Harry's death on December 17, 1935, and that the conveyance was made in consideration of past loans. He asserts that he gave Harry $2,000 with which to pay off the mortgage to their mother, and that Harry performed the other acts of apparent ownership outlined above as his agent.

On April 15, 1935, Harry and Frank caused the register of deeds of McLeod county to draw a deed conveying the farm from Frank, the record owner of the farm, to Harry, and a mortgage deed upon the same land running from Harry to Frank to secure the payment of $3,000. The brothers executed these instruments and left them with the register of deeds to be recorded. The mortgage was recorded but the deed was not because of the nonpayment of taxes. November 27, 1935, the two again visited the office of the register of deeds, and upon Harry's instruction the deed was returned to Frank by the deputy. Carl Exsted, another brother, rented the farm in the spring of 1935 and has remained in possession himself or through his son-in-law, Arnold Wandrie, since that time.

The trial court heard the case without a jury. It found that Harry H. Exsted was the fee owner and that Carl Exsted and Arnold Wandrie are in possession by virtue of a lease from him. The court concluded that Harvey Ray Exsted, the sole heir of the deceased, is the fee owner and ordered judgment accordingly. Defendants appeal from an order denying their motion for a new trial.

■ The first point raised by appellants is that no cause of action was pleaded or proved. The action is one under 2 Mason Minn. St. 1927, § 9556, which provides:

"Any person in possession of real property by himself or his tenant, or any person having or claiming title to vacant or unoccupied real property, may bring an action against any person who claims an estate or interest therein, or a lien thereon, adverse to him, for the purpose of determining such adverse claim and the rights of the parties, respectively."

The complaint alleges among other things that Harry H. Exsted became the owner of the premises involved on the 15th day of April, 1935, by virtue of a warranty deed thereto from the defendant Frank Exsted; that sometime during the first part of the year 1935 the said Harry H. Exsted duly made and entered into a rental agreement with the defendant Carl Exsted for the years 1935 and 1936 and that shortly thereafter the said Carl Exsted sublet the

same to the defendant Arnold Wandrie; that the nature of the subletting was unknown to the plaintiff but that defendants Carl Exsted and Arnold Wandrie were in possession by virtue of the agreement with Harry H. Exsted; that the defendants Frank Exsted, Carl Exsted, and Arnold Wandrie each claim some right, title, interest, or estate in the premises greater than that set forth and that each of said claims was wholly without merit.

Plaintiff's claim as to possession was properly pleaded, and we see no merit in appellants' contention that it was not. The allegations of the complaint insofar as pleading a cause of action under § 9556 are sufficient.

The trial court found, and we believe properly so, that plaintiff at the time of the trial of the action, as well as at the commencement thereof, was in possession of the premises by her tenants. The proof is ample to sustain such a finding though a contrary finding would have been justified by the evidence. There was testimony to the effect that during a substantial part of the period after 1930 Harry H. Exsted looked after renting the farm, collected rents, paid taxes, and otherwise, in part at least, supervised the property. The trial court also found that the deed prepared by the register of deeds on April 15, 1935, was intended to and did transfer title of the premises in question from defendant Frank Exsted to his brother, Harry H. Exsted.

At the time of the execution of the deed and mortgage the register of deeds informed the brothers that the deed would not effect a conveyance until it was recorded and that it could not be recorded until the taxes were paid. He further told them that until the deed was recorded the mortgage, whether recorded or not, would be inoperative. Both of the instruments were left with the register of deeds to be recorded, the mortgage immediately, and the deed as soon as Harry should pay the taxes.

As to the parties to a deed, transfer of the interest it purports to convey takes place at the time of delivery. 2 Dunnell, Minn. Dig. (2 ed.) § 2689. Compliance with a particular formula is unnecessary to the delivery of a deed. The essential elements of delivery are the surrender of its control by the grantor, together with

an intent to convey title thereby. Whether or not there has been a delivery is a question of fact. The facts that the deed was left with the register of deeds to be recorded at any time Harry elected to pay the taxes, that the mortgage was to be recorded immediately, and that the deed was not returned to Frank until that act was authorized by Harry are sufficient to support the court's finding that delivery took place. Ingersoll v. Odendahl, 136 Minn. 428, 162 N. W. 525; 2 Dunnell, Minn. Dig. (2 ed.) §§ 2662-2666.

It is said that there was no delivery in this case because of the misapprehension of the parties as to the law. In a case where the parties labored under the same misunderstanding that title did not pass until the deed was recorded it was said (Hotaling v. Hotaling, 193 Cal. 368, 382, 224 P. 455, 461, 56 A. L. R. 734): "Under that belief the manual tradition of the deed would be but one step, and not the final step, in the process of the execution thereof. Under that belief tradition without recordation would be no more effective than would signature without delivery." In the case where this view is taken the grantor had no intent presently to part with title; instead it was the parties' intent to withhold recording until some contingent event occurred. Hotaling v. Hotaling, *supra;* Singleton v. Kelly, 61 Utah, 277, 212 P. 63. But in this case the parties' intent was patently to vest title to the land in Harry at once; their mistaken belief that title would not pass until recordation took place in not incompatible with such intent. If the deed was left with the register of deeds with the intent of immediately vesting title in Harry and with the intent of relinquishing control over it, then there was a delivery of the deed. The court's finding is therefore sustained.

■ Even though there was delivery, defendants contend plaintiff is estopped from asserting that the return of the deed to Frank did not revest title in him. The return to the grantor of a delivered but unrecorded deed does not revest title in him, but the circumstances surrounding the return of the deed may estop the parties from denying that the grantor is not thereafter the owner. Emerson-Brantingham Imp. Co. v. Cook, 165 Minn. 198, 206 N. W. 170, 43 A. L. R. 41. Defendants seek to bottom their estoppel upon the

misunderstanding of the parties as to the law. When the deed was returned they were under the impression that title had not passed because the deed was never recorded.

The substance of an estoppel is the reasonable reliance by one party upon the representation of another which will injure the first party if that other is permitted to assert the existence of a state of facts at variance with those represented. 2 Dunnell, Minn. Dig. (2 ed.) § 3191. There is nothing in this case to give substance to a supposition that defendant will suffer detriment if plaintiff is permitted to assert that the return of the deed did not divest Harry of his interest in the land. When Frank executed the deed to Harry he received a mortgage upon the land for $3,000. There is no evidence that after April 15, 1935, Frank in reliance upon his belief that delivery of the deed had not transferred title gave additional sums to Harry. If no estoppel is found, Frank has a subsisting mortgage upon the land for $3,000, which was the value he put upon his interest in it when the deed was made. Since no injury has resulted because of their erroneous belief, there is no point in permitting an estoppel.

■ Defendants also challenge the court's finding that Carl Exsted and Arnold Wandrie are in possession under a lease from Harry H. Exsted. Plaintiff testified that in March, 1935, Carl leased the premises from Harry for a term of two years under a written lease which has been lost. She testified that after the conveyance in 1930 Harry continued to act as owner of the land, and that in entering into the lease Carl dealt with Harry as the owner. Carl testified that he rented the premises for 1935 under a verbal lease from Harry as the agent of Frank and that he did not consult either Harry or his administratrix in securing the tenancy of the land for the year 1936.

Neither story is inherently improbable, nor is one statement more likely to be true than the other. In that situation the trial court's finding is conclusive. Since Carl must be regarded as holding the land in subordination to Harry's title, it follows that he is estopped from denying that title. 4 Dunnell, Minn. Dig. (2 ed.) § 5363. Defendants' position that plaintiff has not proved a cause of action

because of failure to show possession in herself or her tenant is therefore groundless. Carl being in possession in subordination to the title plaintiff asserts and not as a tenant in subordination to Frank's claim of right, the latter cannot be a mortgagee in possession.

■ Defendants contend that the court erred in admitting plaintiff's testimony as to the substance of Harry's conversations with Carl concerning the terms of the lease. The testimony of any party to an action or of any person interested in its outcome as to the conversation of a deceased person relative to any matter in issue. is inadmissible. 2 Mason Minn. St. 1927, § 9817.

Plaintiff is not disqualified from testifying as a person having an interest in the event of the action, "for the disqualifying interest must be some pecuniary, legal, certain, and immediate interest in the event of the cause itself." In the event the suit was successful the land would come under her administration as an officer of the court, but whether she would receive pecuniary benefits therefrom was neither certain nor immediate. Bowers v. Schuler, 54 Minn. 99, 55 N. W. 817; Geraghty v. Kilroy, 103 Minn. 286, 114 N. W. 838.

The difficult question, and one of first impression before this court, is whether an administrator is a party within the meaning of the statute. Since it operates to exclude otherwise competent evidence, the statute should be strictly, although fairly, construed. Sievers v. Sievers, 189 Minn. 576, 250 N. W. 574. On its face the statute disqualifies every person who is made a party to the record. The application of this language has been limited to those persons who are properly joined as parties (Towle v. Sherer, 70 Minn. 312, 73 N. W. 180), and further limited to those of the proper parties to the record who are parties to the issue. Bowers v. Schuler, *supra.*

An executor or administrator, while a necessary party to the record, is not a party to the issue. In Bryant v. Livermore, 20 Minn. 271 (313) (opinion *per* Berry, J.), the appellant challenged the right of Mr. Chief Justice Ripley to sit in the cause because of his relationship to the guardian *ad litem* and general guardian of the minor defendants under a statute disqualifying a judge of a court of record from hearing a case when he was a relative of a

party to the action. The court resolved the question against the appellant upon the ground that a guardian *ad litem* is not a party, but is a representative in the nature of an attorney appointed by the court of the real party in interest and by whom an infant is required to appear in an action. He is not a party in interest merely because he is answerable to the infant whom he represents for his negligent conduct of the suit or because in some rare circumstances he might be chargeable with costs.

An executor or administrator fills a like capacity of legal representative appointed by the court of the estate of a deceased person and of trustee for all persons having rights in it. Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980. Defendants do not assert that Mrs. Exsted would have been incompetent to testify had she resigned as guardian and administrator prior to the suit. The fact that she did not do so but instead carried out the order of the court by representing the estate and the infant Harvey Ray Exsted should not disqualify her as a witness. Begovich v. Kruljac, 38 Wyo. 365, 267 P. 426, 60 A. L. R. 1046.

. Order affirmed.

PETERSON, JUSTICE (concurring).

I concur in the result.

MR. JUSTICE STONE took no part in the consideration or decision of this case.