## THORVALD H. FROSLEE v. HELGA SONJU.[1]

March 14, 1941.

No. 32,574.

*Kingdon Levorsen* and *Dell & Rosengren,* for appellant.
*Philip R. Monson* and *Field & Field,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Defendant appeals from a judgment for plaintiff in an action to determine title to land.

In 1898 plaintiff became the owner of a small farm at the edge of the village of Vining, Otter Tail county. He has lived on the property continually since he purchased it. His wife died in 1913. In 1916 plaintiff's sister, Karoline Froslee, came from Norway accompanied by her friend, Helga Sonju, a nurse, and the latter's two sons. Karoline went to live at plaintiff's farm, and Mrs. Sonju remained there with them for about three years and assisted

[1]Reported in 297 N. W. 1.

with the work, particularly with taking care of Karoline, who was afflicted with arthritis. She then left to practice her profession in Minneapolis and Willmar and took her sons with her. Karoline remained on the farm with plaintiff until her death in 1938. During the last several years of her life she was helplessly crippled. In 1931, defendant and her boys returned to the Froslee farm so that defendant might help Karoline, who was then seriously ill. She has lived there most of the time ever since.

There was a mortgage for $1,700 on plaintiff's land. Threatened with foreclosure, he sold the farm to Karoline in 1931 for $3,000. She thereafter paid the mortgage, but it does not appear that she ever paid the balance of the purchase price. Plaintiff claims that she did not. In any event, he deeded the property to Karoline at that time. In January, 1934, Karoline quitclaimed it back to plaintiff. He claims that after having the unrecorded deed in his possession for three or four months, he handed it to Karoline for inspection and that she did not return it to him. Plaintiff testified that defendant, Mrs. Sonju, later told him that she had burned it.

In November, 1935, Karoline executed and delivered to Mrs. Sonju a quitclaim deed of the property in question, which deed defendant had recorded in February, 1936. Karoline died in 1938, and defendant is administratrix of her estate. This suit is against her personally and as administratrix to quiet title to the premises.

The findings of the trial court material to a decision are: That in January, 1934, Karoline Froslee conveyed the premises to plaintiff; that delivery of the deed to him was absolute and not accompanied by any condition whatsoever; that plaintiff did not record his deed; that thereafter he returned the deed to Karoline for inspection but with no intent to part with ownership or to convey the land to her; that she never returned it to plaintiff; that on November 4, 1935, Karoline Froslee executed a deed conveying the land in question to Helga Sonju, the defendant, and this deed was recorded February 29, 1936; that at the time of the execution and delivery of this deed defendant had full knowledge of the deed

theretofore executed and delivered by Karoline Froslee to plaintiff, which had been destroyed. In its conclusions of law the trial court determined that plaintiff was the owner of the premises and that defendant had no right, title, estate, or interest therein; and ordered that the deed from Karoline Froslee to defendant, Helga Sonju, be expunged from the records in the office of the register of deeds.

It is clear that plaintiff's return to Karoline of the deed she had executed to him would not, in itself, constitute a transfer of the property nor revest title in Karoline; but the circumstances surrounding the transaction might estop him from asserting that she was not ever after that the true owner. Exsted v. Exsted, 202 Minn. 521, 279 N. W. 554, 117 A. L. R. 554; Emerson-Brantingham Imp. Co. v. Cook, 165 Minn. 198, 206 N. W. 170, 43 A. L. R. 41; Green v. Hayes, 120 Minn. 201, 139 N. W. 139; Thom v. Thom, 208 Minn. 461, 294 N. W. 461.

To be estopped from asserting title, one must have led another by words or conduct to believe that the former had no interest in the property, and the other must have relied upon the misleading words or conduct in such a manner as to change his position for the worse. Estoppel cannot be invoked by a party who knew the facts or was negligent in not knowing them. Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, 130 N. W. 851.

The evidence relied upon by defendant on which to found an estoppel includes the testimony of Owen Thompson, Karoline's attorney. He testified that in June, 1934, he received a letter from Karoline. It was admitted in evidence and reads as follows:

"Will you please fix up a deed. I want my farm back as it was before I toke [took] sick in January, 1933."

Attorney Thompson drew a deed naming Thorvald Froslee as grantor and Karoline Froslee as grantee. Taking it with him, he went to Thorvald's store and told him what Karoline had requested. Thorvald stated that he had returned the deed and that therefore it would not be necessary for him to execute another

deed. Mr. Thompson took Thorvald with him and went out to see Karoline to ascertain if in fact Karoline had received back the deed theretofore given by her to Thorvald. Karoline said that the deed had been returned to her, and the matter was dropped. The deed prepared by Mr. Thompson was not executed. This evidence, which also tends to show that the deed from Karoline to plaintiff in 1934 was given in anticipation of death, does not require such a finding, and the trial court's finding that delivery was unconditional is sustained by the evidence as a whole.

Evidence was also admitted to show that after he deeded to Karoline in 1931 Thorvald had not paid any taxes or made any improvements on the farm. Karoline paid the taxes during her lifetime, and thereafter defendant paid them. All improvements and repairs on the premises after that time had been ordered and paid for by Karoline as long as she lived and thereafter by defendant. Plaintiff charged defendant no rent and took no share in the management or profit of the farm. He contributed $10 worth of groceries from his store each month toward the household expenses. He lived on the place, occupying the room he always had. He did not know of Karoline's deed to defendant until it was published in the newspaper and he read it there. Then he complained to defendant. When defendant's deed was left for record with the register of deeds a request was made that it be not published, and marked on the deed are the words "Don't publish."

After Karoline's death and after her will was admitted to probate, plaintiff assigned to his nephew, Hans Froslee, a claim against her estate for the difference between $3,000 and the amount of the mortgage paid by Karoline. Hans filed the claim in the probate court. Upon discovering that it was barred by the statute of limitations, Hans and plaintiff caused the claim to be withdrawn. Defendant argues that by asserting the claim plaintiff recognized that he had no interest in the land, but only a claim against the estate for breach of contract to pay $3,000 for the property according to the terms of the deed from Thorvald to Karo-

line in 1931. That plaintiff thought that he had a claim against his sister's estate and purported to enforce it during the probate thereof in 1938 cannot be deemed conduct inconsistent with ownership upon which defendant relied in accepting her deed in 1935.

Defendant contends that on the facts referred to and others appearing in the record but not necessary to detail here plaintiff was estopped by his actions and conduct from asserting title to the premises in question. The general rules pertaining to estoppel have been expressed by this court in an opinion written by Mr. Justice Mitchell in Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495, 497. We quote from that opinion at p. 182:

"First. To create an estoppel, the conduct of the party need not consist of affirmative acts or words. It may consist of silence or a negative omission to act when it was his duty to speak or act. Second. It is not necessary that the facts be actually known to a party estopped. It is enough if the circumstances are such that a knowledge of the truth is necessarily imputed to him. Third. It is not necessary that the conduct be done with a fraudulent intention to deceive, or with an actual intention that such conduct will be acted upon by the other party. It is enough that the conduct was done under such circumstances that he should have known that it was both natural and probable that it would be so acted upon."

There can be no estoppel unless the party sought to be estopped had full knowledge of the facts at the time of the representation, concealment, or other conduct claimed to give rise to an estoppel, or was guilty of culpable negligence in not knowing them. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 3193; Humphrey v. Polski, 161 Minn. 61, 200 N. W. 812; Schaefer v. Nylin, 162 Minn. 170, 202 N. W. 439. No estoppel arises where the conduct of the party sought to be estopped is due to ignorance founded upon an innocent mistake. Schaefer v. Nylin, *supra.* In order to prove that plaintiff was estopped from asserting ownership in the land, defendant must show that she acted as an innocent purchaser and

that she relied upon plaintiff's words or conduct to her detriment. Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Exsted v. Exsted, 202 Minn. 521, 279 N. W. 554, 117 A. L. R. 554. There can be no estoppel as to facts equally known to both parties or as to facts which the party invoking the estoppel ought, in the exercise of reasonable prudence, to know. Chadbourn v. Williams, 45 Minn. 294, 47 N. W. 812; Clarke v. Milligan, 58 Minn. 413, 59 N. W. 955. One cannot invoke the doctrine of estoppel unless he was ignorant of the true situation when he acted. He cannot claim ignorance when the law charges him with knowledge. C. M. & St. P. Ry. Co. v. Greenberg, 139 Minn. 428, 166 N. W. 1073, L. R. A. 1918D, 158, Ann. Cas. 1918E, 456.

In the present case, the parties were living in the same household. The trial court could well find that defendant knew of the circumstances under which the grantor acquired possession of plaintiff's deed. The record disclosed an attempt to keep from plaintiff knowledge of the fact that Karoline had deeded the premises to defendant. Plaintiff professed anger when he learned of the transfer, and according to his claim he made known his feelings to defendant. We are of the view that the evidence of estoppel was not so strong as to require a finding on that issue in defendant's favor. A contrary finding was permissible.

The judgment appealed from is affirmed.