J. IVAN SAMPLE AND OTHERS v. T. D. DIFFERT
AND OTHERS.
L. P. COOPER AND ANOTHER, RESPONDENTS.
IN RE ESTATE OF EVA SAMPLE.

206 N. W. 2d 559.

April 6, 1973—No. 43019.

*William J. Nierengarten,* for appellants.

*Haverstock, Gray, Plant, Mooty & Anderson* and *Robert L. Helland,* for respondents Differt, Sample, Schuler, and Knudtson.

*Thompson, Hessian, Fletcher, McKasy & Soderberg* and *John J. Mc-Kasy,* for respondents Cooper and the Equitable Life.

Heard before Knutson, C. J., and Otis, Rogosheske, and Schultz, JJ.

PER CURIAM.

By this consolidated action, plaintiff-contestants challenge the appointment of a trustee and executor and seek to set aside a trust instrument, an amendment to it, and a will and codicil, on the ground they were the product of undue influence by the attorney and various children of settlor-testatrix. The trial court denied the relief sought by plaintiff-contestants and they appeal. We affirm.

On December 31, 1961, James M. Sample died leaving most of a substantial estate in real and personal property to his wife Eva. He was also survived by six children, Darrell, Roy, Virginia, Ralph, Barbara, and Ivan. Eva executed a will on August 29, 1963, bequeathing approximately 55 percent of her estate to her son Ivan and his family. Thereafter, on August 30, 1965, she conveyed in trust substantially all of her property to T. D. Differt, her attorney. On February 27, 1968, Eva, by a codicil to her will, virtually disinherited Ivan and his children and grandchildren. Finally, on November 14 of that year, she amended her trust agreement by excluding Ivan and his family from further participation in her estate. Three days before her death on November 30, 1968, Differt, as trustee, conveyed to L. P. Cooper and his wife, who are parties to this action, 1,200 acres of land on which a mortgage was executed to The Equitable Life Assurance Society of the United States.

In the probate court of Fillmore County, Ivan contested Eva's will without offering any evidence. The probate court found that at the time she executed the will and codicil she was of sound mind and had executed them free from undue influence. However, the court held that Differt was not a suitable person to act as executor. Ivan appealed to the district court on the issues of testamentary capacity and undue influence. Eva's other children, the proponents, appealed the court's refusal to appoint Differt executor. The trial court consolidated the appeals from the probate court with an independent action to set aside the trust instruments, the conveyances to the Coopers, and the mortgages to Equitable Life.

The case was tried without a jury. The evidence was voluminous and the court's findings and memorandum were drafted after painstaking consideration of the facts and the law.

1. The plaintiff-contestants assert it was reversible error for the trial court to permit Differt to testify to conversations with Eva. We disposed of the same issue in Exsted v. Exsted, 202 Minn. 521, 527, 279 N. W. 554, 559 (1938), where we held that Minn. St. 595.04, the so-called Deadman's Statute, did not disqualify an administrator from testifying to conversations with his decedent. That rule here governs.

2. The trial court made the following finding:

"Decedent executed the above-described Will, Declaration of Trust, deeds, Assignment, Codicil and Amendment of Trust, freely, voluntarily and rationally and the execution of each of said instruments was not the product of the undue influence of T. D. Differt or any other person nor the result of any fraud, deceit, misrepresentation or concealment by said T. D. Differt or any other person."

The court went on to hold that Differt was a suitable and competent person to act as executor of Eva's estate and found no grounds for removing him as trustee. Since Ivan's family received only specific bequests under the will and trust, and the estate was more than adequate to satisfy them, the court in effect held that Ivan had no standing to surcharge the trustee as he sought to do. By the same token, since he was the only one challenging the conveyances to the Coopers and the mortgage given to Equitable Life, and since the beneficiaries who were interested had consented to the conveyances, the court held that the evidence did not establish any impropriety in these transactions.

Without attempting to summarize the 2,000-page transcript, it is enough to say that it fully supports the trial court's conclusions set forth in a detailed memorandum. It is clear that the changes in Eva's wills and trusts were not the result of any undue influence either by her attorney or by her children. They were provoked by persistent and unwarranted efforts on the part of Ivan to overreach his mother in obtaining a disproportionate share of her estate, followed by unconcealed hostility toward her when he was unsuccessful.

Affirmed.